UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALICE Y. LEUNG,

                Plaintiff,

– against –

KASPER GROUP LLC *and* DINO VARILE,

                Defendants.

**ORDER**

17-cv-2753 (ER)

Ramos, D.J.:

On April 18, 2017, Alice Y. Leung brought this action alleging sexual assault and workplace discrimination. Doc 2. Leung brought claims against Kasper Group LLC and Dino Varile for discrimination under Title VII, the New York City Human Rights Law, the New York State Human Rights Law, and assault and battery. Doc. 2. On August 8, 2017, Leung filed her First Amended Complaint, Doc 14, and on September 13, 2017, the Court entered the discovery plan and scheduling order. Doc. 18.

On March 11, 2018, Defendants informed the Court that Nine West Holdings, Inc. and certain of its subsidiaries, including defendant Kasper Group, had voluntarily filed petitions for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. Doc. 30.

On February 28, 2019, counsel for Defendants, writing solely on behalf of Varile, informed the Court that he had independently learned that Leung had filed for Chapter 13 Bankruptcy on January 14, 2019, in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court"), and had appeared on the record for a meeting of creditors before the Bankruptcy Trustee administering her case on February 25, 2019. Doc. 38. Counsel reported that in her sworn testimony, Leung failed to disclose to the Bankruptcy Court her claims

against Varile or the Kasper Group, or her representation by attorney Zach Holzberg of the Derek T. Smith Law Group.  *Id.*  Counsel further stated that he believed that Leung had submitted evidence to the Bankruptcy Court that contradicted certain of her claims in this case.  *Id.*

On March 6, 2019, Holzberg sent a letter motion to the Court informing it that on February 26, 2019, he had received an email from Defendants' counsel indicating that Leung had filed for Chapter 13 bankruptcy, which he had not previously been made aware of.  Doc. 40.  In response to learning about the Chapter 13 filing, Holzberg told the Court, he reached out to Leung's bankruptcy counsel to amend the pleadings to include the district court proceedings, and the bankruptcy trustee in hopes that they would be appointed as Leung's representation in this matter.  *Id.*   In the March 6, 2019, letter, Holzberg requested that this Court stay the proceedings until that time.  *Id.*  On March 8, 2019, the Court stayed the case pursuant to Section 362(a) of the Bankruptcy Code.  Doc. 41.

On March 30, 2020, Defendants informed the Court that the Bankruptcy Court had ordered Leung's claim against the Kasper Group be expunged and that her claims against the Kasper Group in this Court, therefore, were permanently barred, with any attempt to prosecute being a "violation of a plan injunction."  Doc. 42.  The same day, Defendants filed a letter requesting a pre-motion conference to discuss their anticipated motion to dismiss Leung's individual claims against Varile.  Doc. 43.  Leung's response was filed on April 14, 2020.  Docs 46, 47.  On April 21, 2020, the Court stayed the case pending an appeal in Leung's Chapter 13 proceeding.  Doc. 48.  The Court also ordered the parties to advise the Court within 48 hours of the resolution of the Chapter 13 bankruptcy.  Doc 48.

On May 10, 2024, the Court—understanding that the Chapter 13 proceedings had concluded, without update from the parties—directed parties to file a status update.  Doc. 50.  In

2

their May 31, 2024, status report, the parties informed the Court that Lueng's Chapter 13 bankruptcy appeal had been voluntarily dismissed with prejudice on June 19, 2020, and the case was closed on May 26, 2021. Doc. 53 at 2. In her ruling, Judge Shelly C. Champan ordered the dismissal of all federal claims and barred Plaintiff from further pursuing her claims against the Kasper Group. *Id.* Additionally, counsel for Leung advised the Court that their legal team had not spoken with Leung since 2020, despite an email in 2022 advising her that the claims against the Kasper Group had been expunged, and a notification from counsel in 2022 that "failure to contact us/cooperate would result in our discontinuance of her representation." *Id.* at 1.

At a status conference on June 26, 2024, the Court determined that it would dismiss the action for failure to prosecute. For the reasons set forth below, the Court now dismisses Leung's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.    Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.   Discussion**

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Leung has not responded to counsel or otherwise contacted the Court since 2020. Doc. 53. "A delay of eight

3

months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16-cv-7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, although Leung has not been given formal notice that failure to respond to Court orders could result in dismissal, on two separate occasions, the Court directed Plaintiff (and Defendants) to advise the Court regarding resolution of Leung's Chapter 13 bankruptcy matter. No such information was ever provided.  Additionally, Plaintiff has been contacted on multiple occasions by her counsel, including notification that her failure to contact them would result in their discontinued representation, but has not been heard from since 2020.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Given Leung's failure to communicate with counsel in over four years and her failure to advance her case in any capacity since voluntarily dismissing her appeal in the Chapter 13 bankruptcy matter, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Leung has not taken advantage of her "right to due process and a fair chance to be heard."  *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Honsaker v. The City of New York*, No.-cv-3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, there are no weaker sanctions that could remedy her failure to prosecute this case. Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17-cv-1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17-cv-2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Plaintiff's case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   July 9, 2024
           New York, New York

                                                        Edgardo Ramos, U.S.D.J.